IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Allen Antonius Kelly,<br>  Petitioner, | )<br>)<br>) |
| v. | )     1:20cv805 (TSE/TCB) |
| | ) |
| Harold W. Clarke,<br>  Respondent. | )<br>) |

## MEMORANDUM OPINION

Allen Antonius Kelly ("Petitioner" or "Kelly"), a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of the revocation of his suspended sentences on September 1, 2015 by the Circuit Court for the City of Richmond. Commonwealth v. Kelly, Case Nos. CR17-1492-00F and 1497-00F. On October 23, 2020, the respondent filed a Rule 5 Answer and a Motion to Dismiss, with supporting briefs and exhibits.[1] Although the petitioner was given the opportunity to file responsive materials pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K) to the motion to dismiss, he has neither filed any response nor requested additional time to respond. Accordingly, this matter is now ripe for disposition. For the reasons that follow, the respondent's Motion to Dismiss must be granted and the petition will be dismissed with prejudice.

### I. Background

By final order dated March 14, 2002, and pursuant to Kelly's guilty pleas, the Circuit Court of the City of Richmond convicted Kelly of forgery of a public document, uttering a public

---

[1] Respondent's motion for an extension of time to file his response [Dkt. No. 10], which was timely filed, will be dismissed as moot and the motion to dismiss, brief in support and exhibits are deemed timely filed.

1

document, malicious wounding, carjacking, grand larceny, and attempted robbery. The circuit court sentenced Kelly to 79 years' imprisonment, with 66 years and 6 months suspended. [Dkt. No. 14-2]. Kelly was released from prison on January 6, 2014. [Dkt. No. 14-8 at 57]. On October 20, 2014, the circuit court issued an order directing Kelly to show cause why his suspended sentences should not be revoked because he had violated the conditions of the suspensions by robbing and seriously wounding a young woman in October 2014, approximately nine months after his release from incarceration. The show cause order specifically referenced an October 2014 robbery, in which he "seriously wounded" a woman and then subsequently used the stolen property. [Dkt. No. 14-3].[2]

On August 10, 2015, the circuit court held a revocation hearing to determine whether there were grounds to revoke the suspended sentences imposed for Kelly's 2002 convictions. After admitting the transcript from Kelly's recent jury trial into evidence and considering additional evidence not presented to the jury, the circuit court found that Kelly had violated the terms of his suspended sentences. The circuit court revoked Kelly's 66 years of his previously suspended sentences and then re-suspended all but 25 years in an order dated September 1, 2015. [Dkt. No. 14-1].

Kelly filed a petition for appeal in the Court of Appeals of Virginia alleging the trial court had abused its discretion by revoking and then resuspending all but 25 years. A judge of the Court of Appeals of Virginia's denied his petition on June 28, 2016, and a three-judge panel denied the petition on October 4, 2016. Kelly v. Commonwealth, Record No. 1838-15-2. [Dkt.

---

[2] Kelly was tried in the circuit court for attempted capital murder, malicious wounding, and robbery in connection with the October 2014 incident. Case Nos. CR14F-5271, -5272, and -5612. The jury acquitted Kelly on April 3, 2015. [Dkt. No. 14-4].

2

No. 14-5]. The Supreme Court of Virginia refused Kelly's petition for appeal by order dated June 13, 2017. Kelly v. Commonwealth, Record No. 161560. [Dkt. No. 14-7].

On April 6, 2018, Kelly, pro se, mailed a state petition for a writ of habeas corpus to the circuit court. Kelly v. Booker, Case No. CL18-1820, [Dkt. No. 14-8]. The petition raised the following claims:

  a. Due Process Claims
   1. The Commonwealth violated Kelly's Sixth and Fourteenth Amendment rights to a fair and impartial trial judge.
   2. The Commonwealth violated Kelly's rights under the Sixth, Seventh, and Fourteenth Amendments to a jury trial at his probation revocation hearing.
   3. The Commonwealth violated Kelly's Fifth and Fourteenth Amendment rights against double jeopardy.
   4. The trial judge violated Kelly's Sixth and Fourteenth Amendment right to effective counsel by denying Kelly's motion to substitute counsel.
   5. The Commonwealth violated Kelly's constitutional rights when it introduced inadmissible out-of-court hearsay statements, testimony, and evidence.
   6. The Commonwealth violated Kelly's Sixth and Fourteenth Amendment rights to a fair and impartial trial where the same prosecutor represented the Commonwealth at Kelly's April 2015 criminal trial and Kelly's October 2015 probation revocation hearing.
   7. The Commonwealth violated Kelly's right to a speedy trial.
   8. The judge at the probation revocation hearing was biased.
   9. The petitioner's "trial, conviction, sentencing, and subsequent return to prison deprived him of liberty without due process" and "was illegal."
   10. Kelly was subjected to cruel and unusual punishment by the Commonwealth.
  b. Ineffective assistance of counsel claims
   1. Trial counsel's assistance was ineffective where trial counsel failed to move to disqualify the judge as Kelly requested.
   2. Trial counsel's assistance was ineffective where trial counsel informed Kelly that he did not have a right to a jury trial at his probation revocation hearing.
   3. Trial counsel's assistance was ineffective because he failed to move for a mistrial upon the Commonwealth's introduction of inadmissible evidence of which Kelly did not have notice.

3

4. Trial counsel's assistance was ineffective because he failed to object to, or move for a mistrial on the basis of, the Commonwealth's introduction of double jeopardy
5. Trial counsel's assistance was ineffective where he refused to file a motion to disqualify the prosecutor at the revocation hearing.
6. Trial counsel's assistance was ineffective where he failed to conduct a reasonable pre-trial investigation.
7. Trial counsel's assistance was ineffective where he failed to move for a mistrial when the Commonwealth moved to amend the show cause order.
8. Trial counsel's assistance was ineffective where he failed to invoke Kelly's speedy trial rights.
9. Appellate counsel's assistance was ineffective because she failed to raise well-established, straightforward, and "obvious" claims on appeal.

[Dkt. No. 14-8 at 5-38).

The respondent filed a motion to dismiss on July 23, 2018 and the circuit court dismissed the state habeas petition on September 6, 2018. [Dkt. No. 14-9]. The circuit court found that Kelly's petition was barred by the state habeas statute of limitations because Kelly had not filed his petition within one year of the probation revocation order as required under Virginia Code § 8.01-654(A)(2). [Dkt. No. 14-9 at 6-7 (citing Booker v. Dir. of the Dep't of Corr., 727 S.E.2d 650, 650 (Va. 2012)).[3] In addition, and in the alternative, the circuit court found that even if Kelly's habeas petition was not time-barred, Claims (a)(I) through (a)(X) in the state habeas petition were barred from consideration in habeas corpus by the rule in Slayton v. Parrigan, 205 S.E.2d 680, 682 (1974), because they were non-jurisdictional claims of trial error that Kelly had failed to raise at trial or on appeal [Dkt. No. 14-9 at 7-8]; and that Kelly had failed to demonstrate that his counsel was ineffective under Strickland v. Washington, 466 U.S. 668 (1984). [Dkt. No. 14-9 at 8-19].

---

[3] In Booker, the Supreme Court of Virginia held that "[t]he limitation period for habeas corpus petitions challenging revocation hearings is one year after the cause of action accrues," which accrues on the date "the circuit court entered the order" revoking the petitioner's previously suspended sentences. 727 S.E.2d at 651.

4

Kelly filed a notice of appeal in the circuit court on November 13, 2018 and filed a petition for appeal in the Supreme Court of Virginia on December 13, 2019. Kelly v. Booker, Record No. 181634 at 89-91, 93. By order dated February 6, 2019, the Supreme Court of Virginia dismissed on Kelly's appeal for failure to file a timely notice of appeal and petition for appeal pursuant to Rules 5:9(a) and 5:17(a)(1) of that Court.[4] (Rec. No. 181634 at 145). Rule 5:9(a) required that the notice of appeal be filed within 30 days of the entry of the final order, and Rule 5:17(a)(1) required the petition for appeal to be filed within 90 days of the entry of the judgment order, which in this case was September 6, 2018.

Kelly filed a second petition for a writ of habeas corpus in the Supreme Court of Virginia on May 17, 2019. On August 29, 2019, the Supreme Court of Virginia dismissed the petition, finding:

> [T]he Court is of the opinion that the writ should not issue as no writ shall be granted on the basis of any allegation previously resolved against the petitioner. Code § 8.01-663. Petitioner's claim was raised and decided in a prior petition, which was filed in the Circuit Court of City of Richmond on April 9, 2018. In addition, the Court finds that the petition was not timely filed as it was not filed within one year after petitioner's revocation. Booker v. Director, 284 Va. 6, 6, (2012). Code § 8.01-654(A)(2).

Kelly v. Booker, Record No. 190646 at 60.

On or about March 20, 2020,[5] Kelly filed his current habeas petition and memorandum of law in support, wherein he alleges the following grounds for relief:

---

[4] The notice of appeal was dated November 7, 2018, but was not filed until November 13, 2018. (Rec. No. 181634 at 89-91, 100). Even the November 7, 2018 date, however, is untimely. Likewise, the petition for appeal, dated December 11, 2018, was not filed in the Supreme Court of Virginia until December 13, 2018. (Id. at 93, 143). The petition for appeal was due on or before December 5, 2018.

[5] The envelop in which the federal habeas petition arrived at the Clerk's office is stamped July 2, 2020. The Table of Attachments [Dkt. No. 1-4] included with the federal petition is dated March 20, 2020. For purposes of this motion, March 20, 2020, is the earliest that he could have placed his petition in the institutional mailroom. See Houston v. Lack, 487 U.S. 266, 276 (1988).

5

1. The state habeas court erred in ruling that Kelly's state habeas petition was "procedurally time barred." [Dkt. Nos. 1 at 8-10; 1-3 at 6-8].[6]
2. Kelly was denied a "fair and impartial trial (judge)" at the August 10, 2015 probation revocation hearing, which violated Kelly's constitutional rights under the Sixth and Fourteenth Amendment. [Dkt. Nos. 1 at 10-11; 1-3 at 8-12].
3. Kelly's Fourteenth Amendment rights were violated because his "trial, conviction, sentencing[,] and subsequent return to prison [were] illegal" where his suspended sentence was revoked based on "allegation[s] completely different from which [the] 'show cause' order originated." [Dkt. Nos. 1 at 11-13; 1-3 at 12-176-8].
4. The Commonwealth violated Kelly's Fifth and Fourteenth Amendment rights against double jeopardy. [Dkt. Nos. 1 at 13-14; 1-3 at 17-19].
5. Kelly's Sixth and Fourteenth Amendment right to the effective assistance of counsel was violated when the circuit court refused to grant Kelly's motion to substitute counsel. [Dkt. Nos. 1 at 15-16; 1-3 at 19-21].
6. "The Commonwealth of Virginia violated Kelly's 6th and 14th Amendment [rights] through introduction of inadmissible out-of-court hearsay statement[s], testimony and evidence." [Dkt. Nos. 1 at 16-18; 1-3 at 22-23].
7. "The Commonwealth of Virginia violated Kelly's 6th and 14th Amendment [rights] to a fair and impartial trial" where the same prosecutor represented the Commonwealth in Kelly's April 2015 criminal trial and Kelly's October 2015 probation revocation hearing. [Dkt. Nos. 1 at 18-19; 1-3 at 24-25].
8. "The Commonwealth of Virginia violated Kelly's constitutional rights against judicial bias." [Dkt. Nos. 1 at 26-27; 1-3 at 26-27].
9. "The Commonwealth of Virginia violated Kelly's 8th Amendment right against cruel and unusual punishment." [Dkt. Nos. 1 at 21-22; 1-3 at 27-30].
10. Trial counsel's assistance was ineffective, "when trial counsel refused to file Kelly's requested motion to disqualify judge, violating Kelly's 6th and 14th Amendment [rights]." [Dkt. Nos. 1 at 23-24; 1-3 at 30-34].
11. Trial counsel's assistance was ineffective "when trial counsel informed Kelly that he did not have a right to a jury trial" at the probation revocation hearing. [Dkt. Nos. 1 at 25-26; 1-3 at 34-36].
12. Trial counsel's assistance was ineffective "when trial counsel refused to object to and declare mistrial upon the Commonwealth's introduction of inadmissible out-of-court hearsay statements, evidence[,] and testimony." [Dkt. Nos. 1 at 26-28; 1-3 at 36-39].

---

[6] In addition to being time-barred and defaulted, see infra at 7-15, Claim 1 is also barred because it challenges the ruling of the state habeas court, not the judgment in the state criminal case that has resulted in his incarceration. Claims of error in a state post-conviction proceeding cannot serve as a basis for federal habeas relief. See Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988); accord Lawrence v. Branker, 517 F.3d 700, 717 (4th Cir. 2008) (denying federal habeas relief on claim relating to post-conviction proceedings because such claim represents "an attack on a proceeding collateral to detention and not to the detention itself").

13. Trial counsel's assistance was ineffective "when counsel failed and refused to object to[,] argue[,] or declare mistrial to [sic] Commonwealth introduction of double-jeopardy evidence and testimony." [Dkt. Nos. 1 at 28-30; 1-3 at 40-43].

14. Trial counsel's assistance was ineffective where "trial counsel refused to file motion to disqualify prosecutor, violating Kelly['s] 6th and 14th Amendment [rights]." [Dkt. Nos. 1 at 30-31; 1-3 at 43-46].

15. Trial counsel's assistance was ineffective where "trial counsel refused and failed to argue and declare mistrial upon Commonwealth's motion to amend [the] show cause order." [Dkt. Nos. 1 at 31-32; 1-3 at 46-48].

16. Trial counsel was ineffective where he "failed to invoke Kelly's speedy trial rights." [Dkt. No. 1-3 at 48-50].

## II. Statute of Limitations

A petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). In calculating the one-year period, however, the Court must exclude the time during which properly filed state collateral proceedings pursued by petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). Kelly's state court direct appeal proceedings were final on June 13, 2017, the date the Supreme Court of Virginia refused Kelly's petition for appeal of the revocation decision. The federal statute of limitations period began to run 90 days later on September 11, 2017, the date upon which his time for seeking a petition for a writ of certiorari to the Supreme Court of the United States expired. See Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000) (the AEDPA provides that the one-year period does not commence until the latest of the date when judgment on direct review "became final" or "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A)). Kelly therefore had until September 11, 2018, to file his federal habeas petition. Kelly, however, did not file his

7

federal petition until March 20, 2020. As of March 20, 2020, a total of 920 days had passed since his direct appeal was final. Kelly's petition is untimely unless the limitations period is tolled. The record establishes that Kelly is not entitled to statutory or equitable tolling.

*A. Statutory Tolling*

Kelly did not timely file either of his state habeas corpus petitions and is therefore not entitled to statutory tolling during the pendency of those petitions. See 28 U.S.C. § 2244(d)(2). On September 6, 2018, the state circuit court determined that Kelly's first state habeas petition was untimely under Virginia Code § 8.01-654(A)(2). [Dkt. No. 14-9 at 6-7]. Kelly's notice of appeal and his petition for appeal from that judgment were also untimely. In the second state proceeding in the Supreme Court of Virginia, the court's August 29, 2019 order found that the petition was untimely. [Dkt. No. 14-11]. Accordingly, Kelly's state habeas proceedings did not toll the federal statute of limitations. See Pace, 544 U.S. at 417 (holding that petitioner was not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) where state habeas petition was dismissed as untimely); Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that a state collateral proceeding is not "properly filed" for purposes of tolling the federal limitations period if it is filed untimely).

*B. Equitable Tolling*

The United States Supreme Court has held that a habeas petitioner may be permitted to file a federal habeas petition out of time if he can establish his entitlement to equitable tolling, which requires that the petitioner show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. See Holland v. Florida, 560 U.S. 631, 649 (2010) (citation omitted). The Fourth Circuit has explained that equitable tolling is reserved for "those rare instances where — due to circumstances external

to the party's own conduct — it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris, 209 F.3d at 330.

In his federal habeas petition, Kelly simply asserts in a conclusory fashion that his federal petition is "timely filed." [Dkt. No. 1 at 35]. The petition does not explain Kelly's assertion and he has not responded to the motion to dismiss or otherwise attempted to demonstrate that he pursued his rights diligently and that some extraordinary circumstance prevented him from filing in a timely manner.

Respondent correctly points out that even if the federal statute of limitations was tolled during the pendency of his state proceedings in the circuit court and the Supreme Court of Virginia, Kelly's federal petition would still be barred by the federal statute of limitations. The federal statute of limitations began to run on September 11, 2017. Kelly filed his state habeas petition on April 6, 2018, at which point 207 days of the statute of limitations period had already run. The circuit court dismissed this habeas petition on September 6, 2018, and the Supreme Court dismissed his improperly perfected and filed appeal on February 6, 2019. One hundred days passed between the dismissal of the appeal and the date Kelly filed his untimely and procedurally barred second original jurisdiction habeas petition in the Supreme Court of Virginia on May 17, 2019. The Supreme Court of Virginia dismissed this petition on August 29, 2019, and then another 204 days passed before Kelly filed his federal petition at the earliest on March 20, 2020. (Doc. 1-3 at 50; Doc. 1-4 at 2). Even assuming the second untimely state habeas petition tolled the federal statute of limitations, Kelly had 58 days to file his federal habeas petition after the Supreme Court of Virginia dismissed his petition on August 29, 2019, and he failed to do so. Kelly has offered no viable explanation as to why he did not file his federal

9

habeas corpus pleading earlier such that he is entitled to equitable tolling. He has failed to show that he acted with diligence in the filing of his federal petition.

If Kelly were to claim lack of knowledge of the law, the Fourth Circuit has already held that is not the type of extraordinary circumstance that would justify equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (pro se petitioner's ignorance and misconceptions about the operation of the statute of limitations do not justify equitable tolling because they are not extraordinary circumstances beyond his control); Rouse v. Lee, 339 F.3d 238, 248-49 (4th Cir. 2003) (holding that a party's incorrect interpretation of the AEDPA statute of limitations did not present extraordinary circumstances to warrant equitable tolling); Felder v. Johnson, 204 F.3d 168, 171-73 (5th Cir. 2000) (lack of notice of AEDPA amendments and ignorance of the law are not rare and exceptional circumstances that warrant equitable tolling).[7]

*C. Actual Innocence*

Actual innocence may also allow review of an untimely habeas petition. McQuiggin v. Perkins, 569 U.S. 383, 392 (2013). To qualify for equitable tolling, a petitioner must demonstrate that "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649. "[T]he second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary and beyond its control." Menominee Indian Tribe v.

---

[7] Petitioner's claims are also not reviewable under the limited exception outlined by the United States Supreme Court in Martinez v. Ryan, 566 U.S. 1, 9 (2012), allowing review of certain ineffective assistance of counsel claims. Martinez may excuse certain state defaults in limited circumstances, but it does not excuse otherwise untimely federal habeas petitions or provide tolling under the AEDPA. Id; see Arthur v. Thomas, 739 F.3d 611, 631 (11th Cir. 2014) (holding the narrow Martinez exception does not save an untimely habeas petition because the exception is meant to be difficult to meet "to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism."). In the context of a § 2255 petition, the district court in United States v. Rice, No. 03cr441 (RBW), 2019 U.S. Dist. LEXIS 68898 (D.D.C. Apr. 22, 2019), held that that the procedural default exception recognized in Martinez and Trevino v. Thaler, 569 U.S. 413, 423 (2013) does not apply in the context of the AEDPA's statute of limitations bar. Id. at *12-13 (discussing cases from Third, Fifth, Sixth, Seventh, Tenth, and Eleventh Circuits).

United States, 136 S. Ct. 750, 756 (2016); see Carpenter v. Douma, 840 F.3d 867, 872 (7th Cir. 2016) (noting Supreme Court had recently reiterated that the extraordinary circumstances element is met "only where the circumstances that caused a litigant's delay are both extraordinary and beyond [his] control.") (quoting Menominee Indian, 136 S. Ct. at 756) (emphasis added).

"[C]laims of actual innocence are rarely successful," Schlup v. Delo, 513 U.S. 298, 324 (1995), however, and "should not be granted casually." Wilson v. Greene, 155 F.3d 396, 404 (4th Cir. 1998). The standard of review for demonstrating innocence under Schlup is a demanding one. It requires that "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" McQuiggin, 569 U.S. at 401 (quoting Schlup, 513 U.S. at 316).

In order to demonstrate the fundamental miscarriage of justice exception to AEDPA's statute of limitations, a petitioner must present *new* evidence to support his claim of actual innocence, and "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup, 513 U.S. at 327 (emphasis added). Kelly has not proffered any "new reliable evidence" demonstrating a colorable claim of actual innocence. Coleman v. Thompson, 501 U.S. 722, 730 (1991); Sharpe v. Bell, 539 F.3d 372, 377 (4th Cir. 2010). Instead, he argues that the judge that heard the revocation erred in relying on his own memory of the evidence at the trial at which Kelly was acquitted, and in considering hearsay evidence and evidence that was presented at the criminal trial. Kelly offers legal arguments that the evidence was insufficient to revoke his suspended sentences, but he offers no new, credible evidence to demonstrate that the circuit court's finding that he had not been of

good behavior was erroneous. Kelly has failed to satisfy Schlup's high standard or demonstrate that his untimely claims are entitled to be review under McQuiggin. Accordingly, Kelly's petition is time-barred, and must be dismissed.

## II. Exhaustion and Procedural Default

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia must have presented to the Supreme Court of Virginia the same factual and legal claims raised in his § 2254 petition. See, e.g., Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Kasi v. Angelone, 300 F.3d 487, 501-02 (4th Cir. 2002).

Even if Kelly had timely filed his federal petition, all of his claims are defaulted. "A habeas petitioner is barred from seeking federal review of a claim that was presented to a state court and 'clearly and expressly' denied on the independent, adequate state ground of procedural default." Bennett v. Angelone, 92 F.3d 1336, 1343 (4th Cir. 1996) (citing Harris v. Reed, 489 U.S. 255, 263 (1989)). A procedural rule is adequate "if it is regularly or consistently applied by the state court," and independent "if it does not 'depend[] on a federal constitutional ruling.'" Yeatts v. Angelone, 166 F.3d 255, 260 (4th Cir. 1999) (quoting Ake v. Oklahoma, 470 U.S. 68, 75 (1985)). Further, "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker, 220 F.3d at 288 (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Such claims are simultaneously exhausted and defaulted. See Burket v. Angelone, 208 F.3d 172, 183 n.11 (4th Cir. 1999).

Kelly did not bring any of his federal claims to the Supreme Court of Virginia during his direct appeal of the revocation judgment. [Dkt. No. 14-7 at 2-16]. The claims in the circuit court habeas were found barred by Rule 5:9 because the notice of appeal was not timely filed and by Rule 5:17(a)(1) because the petition for appeal was not timely filed.[8] The Fourth Circuit has held that the procedural defaults under Rules 5:9(a) and 5:17(a)(1) are adequate and independent state law grounds for decision that bar federal review. See O'Dell v. Netherland, 95 F.3d 1214, 1244 (4th Cir. 1996) (finding that Virginia Supreme Court's dismissal of appeal from denial of writ of habeas corpus as untimely pursuant to Rule 5:17(a)(1) was independent and adequate state law ground barring federal habeas review); Spencer v. Murray, 5 F.3d 758, 761 (4th Cir. 1993) (Rule 5:17(a)(1) is an adequate and independent state ground that bars federal habeas review of claims raised by a federal petition "in his state habeas appeal ... unless those claims were otherwise exhausted by being raised on direct appeal."); Wise v. Williams, 982 F.2d 142, 143-44 (4th Cir. 1992) (Rule 5:9(a) is independent and adequate state bar); see also Whitley v. Bair, 802 F.2d 1487, 1500 (4th Cir. 1986) ("failure to appeal claims disposed of by state habeas trial court constitutes a procedural bar to further federal review of such claims.").

Kelly cannot now present these claims to the Virginia Supreme Court because he is barred by both the Virginia habeas statute of limitations, Virginia Code § 8.01-654(A)(2), and the successive petition bar, Virginia Code § 8.01-654(B)(2). See Sparrow v. Dir., Dep't of Corr., 439 F. Supp. 2d 584, 587-88 (E.D. Va. 2006) (holding that claims barred by Va. Code § 8.01-654(A)(2) are not reviewable in federal habeas proceedings); Gray v. Netherland, 518 U.S. 152, 162 (1996) (holding that claims barred by Virginia Code § 8.01-654(B)(2) are not reviewable in

---

[8] Respondent admits that Kelly's federal habeas claims were encompassed by the assignments of error that he presented to the Supreme Court of Virginia. [Dkt. No. 14 at 15, n.5].

federal habeas proceedings). Accordingly, even if not barred as untimely, Kelly's defaults preclude federal review of his claims. Bassette v. Thompson, 915 F.3d 932, 937 (4th Cir. 1990).

A claim which is procedurally defaulted nonetheless may be reviewed when a petitioner can show cause for the default and prejudice stemming therefrom, or that a fundamental miscarriage of justice otherwise will occur. Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995).

Kelly does not argue any basis to excuse his procedural default of all his federal habeas claims. The Court has also found that Kelly has failed to satisfy the requirements for a credible claim of actual innocence that would enable him to overcome procedural default. The petition, therefore, even if timely filed must be dismissed for procedural default.

## IV. Conclusion

For the foregoing reasons, the motion to dismiss the petition must be granted and the petition must be dismissed with prejudice and an appropriate Order shall issue.[9]

Entered this 18th day of May, 2021.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge

---

[9] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner fails to meet this standard.